# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| SHIRLEY WHITE, *Executrix of the Estate of Lee White, deceased, and in her own right*,<br><br>Plaintiff,<br><br>v.<br><br>WILLINGBORO TOWNSHIP, *et al.*,<br><br>Defendants. | No. 1:18-cv-10964<br><br><br><br>**OPINION** |

**APPEARANCES**:

Rhonda Hill Wilson
LAW OFFICES OF RHONDA HILL WILSON
8 Penn Center
1628 JFK Boulevard, Suite 400
Philadelphia, PA 19103

    *On behalf of Plaintiff.*

Dean R. Wittman
Matthew B. Wieliczko
ZELLER & WIELICZKO LLP
120 Haddontowne Court
Cherry Hill, NJ 08034

    *On behalf of Defendants Willingboro Township, Willingboro Township Emergency Medical Services, Anthony Burnett, Erik Anderson, and Kirk Holmes.*

Thomas M. Walsh
PARKER, MCCAY, PA
9000 Midlantic Drive, Suite 300
P.O. Box 5054
Mount Laurel, NJ 08054

    *On behalf of Defendants Virtua Health and Virtua Emergency Medical Services.*

David P. Brigham
STAHL & DELAURENTIS
10 E. Clements Bridge Road
Runnemede, NJ 08078

    *On behalf of Defendants Lourdes Medical Center Burlington and Omid Rowshan, M.D.*

**O'HEARN, District Judge.**

## INTRODUCTION

This matter comes before the Court on the Motion for Summary Judgment filed by Defendants Willingboro Township, Willingboro Township Emergency Medical Services, Anthony Burnett, Erik Anderson, and Kirk Holmes (collectively, "the Willingboro Defendants"). (ECF No. 82).[1] In their Motion, the Willingboro Defendants seek summary judgment with respect to all counts of Plaintiff Shirley White's ("Plaintiff") Complaint, including Count III, which asserts claims under 42 U.S.C. § 1983. (Compl., ECF No. 1, ¶¶ 57–61). These § 1983 claims, which present a federal question, are the sole basis asserted by Plaintiff for this Court's subject-matter jurisdiction under 28 U.S.C. § 1331. (Compl., ECF No. 1, ¶ 2).

The Court did not hear oral argument pursuant to Local Rule 78.1. For the reasons that follow, the Willingboro Defendants' Motion is **GRANTED IN PART**. The Motion is granted to the extent it seeks summary judgment with respect to Count III. But because this eliminates the sole basis for this Court's subject-matter jurisdiction, Plaintiff's remaining claims must be **DISMISSED WITHOUT PREJUDICE**, and all other pending motions must be **DENIED AS MOOT**.

---

[1] Also pending before the Court are two other motions for summary judgment: (i) Defendant Lourdes Medical Center Burlington's ("Lourdes") Motion for Partial Summary Judgment, (ECF No. 80); and (ii) Defendants Virtua Health, Inc. and Virtua-West Jersey Health System, Inc.'s (collectively, "Virtua") Motion for Summary Judgment, (ECF No. 81).

2

I.     BACKGROUND

The facts set forth herein related to this Motion are undisputed unless otherwise noted. To the extent facts remain in dispute, the Court finds that they are immaterial to its legal analysis.

In the early hours of July 31, 2016, Plaintiff's husband, Lee White, called 9-1-1 from 98 Genesee Lane in Willingboro Township, New Jersey, complaining of respiratory distress. (ECF No. 82-19 at 1; ECF No. 92 at 13). Willingboro Basic Life Support ("Willingboro BLS"), a component of Defendant Willingboro Emergency Medical Services ("Willingboro EMS") led in part by the Willingboro Fire Chief, Defendant Anthony Burnett ("Burnett"),[2] was immediately dispatched. (ECF No. 82-19 at 3, 6–7; ECF No. 92 at 2, 6–7). The first responders on the scene were Defendants Erik Anderson and Kirk Holmes ("Anderson" and "Holmes," respectively, and along with Burnett, "the EMT Defendants"), who serve as Willingboro BLS emergency medical technicians ("EMTs"). (ECF No. 82-19 at 3, 7–9; ECF No. 92 at 2, 7–8). Also dispatched to the scene was Advanced Life Support from Defendant Virtua-West Jersey Health System, Inc. (ECF No. 82-19 at 3; ECF No. 92 at 2). Paramedics Elaine Dinunzi and David Vangaasbeck ("Virtua ALS") arrived several minutes after Willingboro BLS.[3] (ECF No. 82-19 at 5; ECF No. 92 at 4, 16). Units from the Willingboro Police Department also arrived around the same time. (ECF No. 92 at 13).

---

[2] Neither party specifically identifies Burnett as the Willingboro Fire Chief in their Statements of Material Facts related to the present Motion, nor does Plaintiff properly allege his role in her Complaint. Regardless, neither party seems to dispute that Burnett is, in fact, the Willingboro Fire Chief, (Exh. F to Pla.'s Br., ECF No. 92-6), and both parties agree that the Willingboro Fire Chief oversees Willingboro EMS alongside the Willingboro Public Safety Director and two captains. (ECF No. 82-19 at 6–7; ECF No. 92 at 6–7).

[3] The parties dispute when precisely Virtua ALS arrived, although they seem to agree it was minutes after Willingboro BLS. (ECF No. 82-19 at 5; ECF No. 92 at 4, 16). Regardless, this factual dispute is immaterial to the Court's legal analysis.

From the moment the first responders arrived, it was clear Mr. White was in severe respiratory distress. (ECF No. 82-19 at 4; ECF No. 92 at 2). He confirmed his medical history of congestive heart failure, diabetes, and hypertension. (ECF No. 82-19 at 4; ECF No. 92 at 2–3). After assessment, Mr. White exhibited "rales," suggesting that he had fluid in his lungs, as well abdominal distension, suggesting he was retaining fluid in his abdomen. (ECF No. 82-19 at 4; ECF No. 92 at 3). Mr. White was then transferred out of the house.[4] (ECF No. 82-19 at 4; ECF No. 92 at 3). He was wheeled down the "long driveway" in a "stair chair," transferred to a stretcher, and loaded into a Willingboro BLS ambulance. (ECF No. 82-19 at 4–5; ECF No. 92 at 3–4).

Here is where the parties' versions of events begin to diverge. The Willingboro Defendants assert that they never waited for Virtua ALS to arrive, but once they did, the two teams talked, Virtua ALS assessed Mr. White's condition and took direction of his care, turning on a Lifepak monitor at 5:45 a.m. (ECF No. 82-19 at 5–6). Plaintiff asserts that despite Mr. White being fully ready for transport to the hospital and against Plaintiff's pleas, Willingboro BLS waited for Virtua ALS to arrive, allowing another seven to eight minutes to elapse. (ECF No. 92 at 15–16). Regardless of who was in control of the scene or when precisely these events transpired, Mr. White was eventually transported from the house, arriving at Lourdes Medical Center Burlington around 6:16 a.m. (ECF No. 92 at 20). Once there, Mr. White received treatment from Defendant Omid Rowshan, M.D. ("Dr. Rowshan"), but ultimately passed away. (Compl., ECF No. 1, ¶¶ 32–34).[5] Dr. Rowshan pronounced him dead from cardiac respiratory failure within minutes of arriving at

---

[4] The Willingboro Defendants assert that Willingboro BLS administered supplemental oxygen around this time. (ECF No. 82-19 at 4). Plaintiff disagrees, asserting that supplemental oxygen was not administered until Virtua ALS arrived later. (ECF No. 92 at 3). Again, this factual dispute is immaterial to the Court's analysis.

[5] Although not included in either party's Statement of Material Facts related to the present Motion, Plaintiff alleges these facts related to Mr. White's care at the hospital in her Complaint, and the Willingboro Defendants do not seem to dispute them.

the hospital.[6]

## II. PROCEDURAL HISTORY

On June 22, 2018, Plaintiff filed this action on behalf of her decedent husband's estate and in her own right against Lourdes, Dr. Rowshan, Virtua, and the Willingboro Defendants raising claims of medical negligence and professional liability for failing to provide reasonable and adequate healthcare to her husband, leading to his death. (Compl., ECF No. 1). More specifically, Plaintiff filed a Complaint including five counts: (i) wrongful death ("Count I"); (ii) a survival action under N.J. STAT. ANN. 2A:15-3 ("Count II"); (iii) violation of 42 U.S.C. § 1983 ("Count III"); (iv) negligence ("Count IV"); and (v) corporate negligence ("Count V"). (ECF No. 1). Based on Count III, her § 1983 claims, Plaintiff invoked this Court's federal question jurisdiction under 28 U.S.C. § 1331. (Compl., ECF No. 1, ¶ 2).

Lourdes and Dr. Rowshan filed an Answer with crossclaims against all other Defendants on July 27, 2018. (ECF No. 7). Virtua filed its Answer to Plaintiff's Complaint the same day. (ECF No. 9). On July 30, 2018, the Willingboro Defendants filed their Answer, also raising crossclaims against the other Defendants. (ECF No. 10).

After the dismissal without prejudice of a Motion to Dismiss (ECF No. 25) that did not comply with this Court's Local Rules, (ECF No. 36), Lourdes and Dr. Rowshan filed two concurrent motions for summary judgment: the first argued that Plaintiff could support neither her claims of vicarious liability against Lourdes nor her § 1983 claims against Lourdes and Dr.

---

[6] In what the Court believes to be a *critical* typographical error, Plaintiff alleges in her Complaint that Mr. White was pronounced dead at 6:35 p.m. (Compl., ECF No. 1, ¶ 34). However, in its review of the entire record presented in conjunction with the present Motion and the other pending Motions for Summary Judgment, the Court understands that Mr. White died shortly after arriving at the hospital that morning—a fact the parties do not appear to dispute. (Exh. S to Pla.'s Br., ECF No. 92-20 at 5).

5

Rowshan; the second sought to cap any damages against Lourdes at $250,000 pursuant to the New Jersey Charitable Immunity Act, N.J. STAT. ANN. 2A:53A-8. (ECF Nos. 37–38). On July 2, 2020, this Court granted the first Motion in full, and the second in part, dismissing Plaintiff's vicarious liability and § 1983 claims against Lourdes and Dr. Rowshan without prejudice and capping damages against Lourdes to the extent that Plaintiff only establishes Lourdes' negligence, with no cap if Plaintiff establishes Lourdes' gross negligence. (Opinion & Order, ECF Nos. 58–59).

Discovery then continued and after a series of extensions closed on July 30, 2021. (ECF Nos. 62, 67, 69, 71, 74). That day, the Willingboro Defendants filed the present summary judgment motion. (ECF No. 82).[7] After the grant of an extension of time, Plaintiff filed a Response on September 7, 2021, (ECF No. 92), to which the Willingboro Defendants replied, (ECF No. 96).

### III. LEGAL STANDARD

Courts may grant summary judgment when a case presents "no genuine dispute as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists only when there is sufficient evidence for a reasonable jury to find for the non-moving party. *Young v. United States*, 152 F. Supp. 3d 337, 345 (D.N.J. 2015). When the Court considers the evidence presented by the parties, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 346 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

The moving party bears the burden of establishing that no genuine issue of material fact remains. *Id.* A fact is material only if it will affect the outcome of a lawsuit under the applicable law, and a dispute of material fact is genuine if the evidence is such that a reasonable fact finder

---

[7] Lourdes' and Virtua's summary judgment Motions were filed the same day. (ECF Nos. 80–81). After the grant of an extension of time, Plaintiff also filed Responses to these Motions on September 7, 2021. (ECF Nos. 91, 93). Virtua replied on September 13, 2021. (ECF No. 95).

could return a verdict for the nonmoving party. *Id.* The nonmoving party, however, must present "more than a scintilla of evidence showing that there is a genuine issue for trial." *Woloszyn v. County of Lawrence*, 396 F.3d 314, 319 (3d Cir. 2005).

## IV.     DISCUSSION

The Willingboro Defendants have moved for summary judgment under Federal Rule of Civil Procedure 56 with respect to all counts of Plaintiff's Complaint, including Count III, her claims under 42 U.S.C. § 1983. (ECF No. 82). Because those claims arise under federal law, Plaintiff asserts that this Court has subject-matter jurisdiction under 28 U.S.C. § 1331. (Compl., ECF No. 1, ¶ 2). More precisely, this Court exercises original jurisdiction under 28 U.S.C. § 1331 with respect to Count III, and supplemental jurisdiction under 28 U.S.C. § 1367 with respect to her other claims, which arise under New Jersey state law. The Court will address first the Willingboro Defendants' Motion with respect to Count III before turning to the remaining state law claims. For the reasons that follow, the Court grants the Willingboro Defendants' Motion with respect to Count III and dismisses Plaintiff's remaining state law claims without prejudice for lack of subject-matter jurisdiction.

### A.  Plaintiff's § 1983 Claims

Before addressing the substance of Plaintiff's § 1983 claims, it is worth clarifying at whom those claims are directed. The heading related to Count III in Plaintiff's Complaint seems to suggest that she alleges "All Defendants" violated her federally-protected rights and are therefore liable under § 1983. (ECF No. 1 at 14). However, the substantive allegations beneath that heading seem to be directed solely at Willingboro Township and Willingboro EMS, who Plaintiff alleges acted "by and through its agents, officers, servants and/or employees"—presumably referring to the EMT Defendants. (Compl. ECF No. 1, ¶¶ 57–61). Despite this, in what was likely just an

abundance of caution, Defendants Lourdes and Dr. Rowshan sought, (Motion for Partial Summary Judgment, ECF No. 38), and this Court granted them, summary judgment with respect to Plaintiff's § 1983 claims to the extent that those claims were intended to include them. (Opinion & Order, ECF Nos. 58–59). Similarly, in its pending Motion for Summary Judgment, Defendant Virtua seeks summary judgment with respect to these claims on the same grounds as Lourdes and Dr. Rowshan, (ECF No. 81), and Plaintiff concedes the issue in her Response, (ECF No. 91). So, it appears to the Court that Plaintiff now only seeks to proceed on her § 1983 claim against Willingboro Township and Willingboro EMS,[8] as well as (perhaps) the EMT Defendants. But for the reasons that follow, she cannot and the Willingboro Defendants are entitled to summary judgment as well.

Section 1983 does not itself create substantive rights, but it "provides a remedy for the violation of rights created by federal law," including the Constitution. *Groman v. Township of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995). To prevail on a § 1983 claim, a plaintiff must prove that "(1) a person deprived him of a federal right; and (2) the person who deprived him of that right acted under color of state or territorial law." *Id.*

The Supreme Court has limited the extent to which the "person" contemplated by § 1983 can be a municipality or municipal entity: municipalities and other local governmental units may not be held liable under § 1983 under a *respondeat superior* theory, but only "when execution of

---

[8] A separate issue that the parties have not briefed—and therefore one that the Court does not decide—is whether Willingboro EMS is a proper defendant at all, or whether it is merely an administrative arm of Willingboro Township that cannot be sued separately, as is generally the case with police and fire departments. *See, e.g.*, *Padilla v. Township of Cherry Hill*, 110 Fed. App'x 272, 278 (3d Cir. 2004); N.J. STAT. ANN. 40A:14–118 (proclaiming that New Jersey police departments are "an executive and enforcement function of municipal government"). Regardless, whether separate entities or just one, Plaintiff cannot proceed against either for the reasons set forth below.

[that] government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).

The Willingboro Defendants argue that Plaintiff cannot support her *Monell* claim against Willingboro Township or Willingboro EMS because no constitutional violation occurred and because there is no evidence that the Township failed to train or discipline its employees in such a manner that it was their policy or custom to violate its citizens' constitutional rights. (Willingboro Def.'s Br., ECF No. 82-20 at 17–18). How does Plaintiff respond to these arguments? She doesn't. Rather, Plaintiff's Opposition Brief merely states, "Plaintiff for purposes of brevity makes no argument on this issue at this time." (Pla.'s Br., ECF No. 92 at 30). The Court need not analyze the issue any further. Plaintiff has conceded her § 1983 claim at least with respect to Willingboro Township and Willingboro EMS.[9]

As for the EMT Defendants, as noted above, it is not entirely clear to the Court that Plaintiff is raising a claim against them under § 1983. But if that lack of clarity were not enough to say that those claims cannot proceed, the Court's inability to identify what federal right Plaintiff asserts the EMT Defendants violated does. The Third Circuit has held that "there is no federal constitutional right to rescue services, competent or otherwise." *Brown v. Pa. Dep't of Health Emergency Med. Servs. Training Inst.*, 318 F.3d 473, 478 (3d Cir. 2003). Absent a right to deprive,

---

[9] As noted above, the parties above have not addressed whether Willingboro EMS can properly be considered a separate entity from Willingboro Township at all. To the extent they are actually one entity, Plaintiff has obviously waived her *Monell* claim against both. But to the extent they are separate entities, the Court notes that emergency medical services are not a traditional public function, and therefore their actions cannot necessarily be understood to be taken under color of state law. *See Groman v. Township of Manalapan*, 47 F.3d 628, 637–42 (3d Cir. 1995) (affirming this Court's grant of summary judgment to a volunteer first aid squad because their actions were not taken under color of state law). Thus, either way, Plaintiff's § 1983 claim fails.

Plaintiff plainly cannot prove (at least) the first element of a § 1983 claim. Accordingly, the EMT Defendants, like Willingboro Township and Willingboro EMS, are entitled to summary judgment with respect to Count III of Plaintiff's Complaint.

### B. Plaintiff's State Law Claims and this Court's Jurisdiction

Having granted the Willingboro Defendants summary judgment with respect to Plaintiff's § 1983 claim, the only claims that remain arise under New Jersey state law, over which the Court would need to exercise its supplemental jurisdiction under 28 U.S.C. § 1367. For the reasons that follow, however, the Court declines to do so and therefore dismisses the remainder of Plaintiff's Complaint without prejudice.

Federal courts are empowered to exercise supplemental jurisdiction under 28 U.S.C. § 1367 "in any civil action of which the district courts have original jurisdiction," so long "as all [the] other claims . . . are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." § 1367(a). However, courts in their discretion may decline to exercise such jurisdiction if—

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

§ 1367(c).

In circumstances—such as the present case—when all claims over which a court has original jurisdiction have been dismissed before trial, the decision as to whether to exercise supplemental jurisdiction over the other claims remains in the court's discretion, *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009), but the Supreme Court has long held that generally

the remaining "state claims should be dismissed as well." *UMW v. Gibbs*, 383 U.S. 715, 726–27 (1966). The *Gibbs* Court emphasized that "even though [federal courts are] bound to apply state law . . . [n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *Id.*

That being the case here, it seems most prudent to the Court to dismiss the remaining state law claims without prejudice so that they might be brought in state court should Plaintiff choose to continue to pursue them. This has been the consistent practice of this Court in similar cases, even after the close of discovery. *See, e.g.*, *Martz v. Camden Cnty. Bd. of Chosen Freeholders*, No. 17-01336, 2019 WL 7343489, at *9–11 (D.N.J. Dec. 31, 2019) (declining to exercise supplemental jurisdiction and dismissing state law claims without prejudice after the close of discovery when the plaintiff conceded the sole federal constitutional claim); *Jones v. Virtua Health, Inc.*, No. 15-05840, 2017 WL 77411, at *2–4 (D.N.J. Jan. 9, 2017) (declining to exercise supplemental jurisdiction and remanding case to state court after the close of discovery when the plaintiff voluntarily dismissed the sole federal law claim). The Court notes that state court may remain an avenue for Plaintiff to pursue her claims. *See Artis v. District of Columbia*, 138 S. Ct. 594 (2018) (holding that 28 U.S.C. § 1367 pauses the clock on a statute of limitations until thirty days after a state law claim is dismissed by a federal court).

Accordingly, the Court declines in its discretion to exercise supplemental jurisdiction over Plaintiff's state law claims and dismisses the remainder of her Complaint without prejudice.

## CONCLUSION

For the foregoing reasons, the Willingboro Defendants' Motion, (ECF No. 82), is **GRANTED IN PART**. The Motion is granted to the extent it seeks summary judgment with

11

respect to Count III. Because the dismissal of Count III eliminates the sole basis for this Court's subject-matter jurisdiction, Plaintiff's remaining claims are **DISMISSED WITHOUT PREJUDICE**, and all other pending motions are **DENIED AS MOOT.** An appropriate Order accompanies this Opinion.

                                                 */s/ Christine P. O'Hearn*
                                                 **CHRISTINE P. O'HEARN**
                                                 **United States District Judge**